**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 1 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:    Emadeddin Barakat

Case No.: 19-29536

Judge: John K. Sherwood

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original          ☒ Modified/Notice Required        Date: January 16, 2020

☒ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __VPD__     Initial Debtor: __EB__     Initial Co-Debtor: _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay $ __80__ per __month__ to the Chapter 13 Trustee, starting on __November 1, 2019__ for approximately __36__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☒ Other sources of funding (describe source, amount and date when funds are available):

100% of claims secured by 27 Moonachie Ave., Moonachie, NJ, will be paid in full upon the sale of said property. In addition, 100% of Debtor's net proceeds from the sale of 27 Moonachie Ave., Moonachie, NJ shall be contributed to the Plan. The sale is expected to take place on or before March 1, 2020.

c. Use of real property to satisfy plan obligations:

☒ Sale of real property
Description: 27 Moonachie Ave., Moonachie, NJ
Proposed date for completion: __March 1, 2020__

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☒ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☐ NONE**

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _$2,849 and $2,400_ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____Chase Bank_____ (creditor).
(Mortgage for Clifton and Moonachie properties)

**Part 3:    Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2,250.00 |
| DOMESTIC SUPPORT OBLIGATION | N/A | |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| BMO Harris Bank N.A., P.O. Box 71951, Chicago, Illinois 60694-1951 | Real Property: 27 Moonachie Ave, Moonachie, NJ 07074 | D-2.1 | $370,000 | Chase Mortgage | $325,000 | 3.47% (based on national average for 30-year mortgage) | 100% of Debtor's net sale proceeds (approx. $10,000) |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Toyota Motor Credit Corp. | 2019 Toyota Highlander | 50,151.92 | 50,151.92 |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Chase Mortgage for Debtor's primary residence, located at 201 W. 2nd Street, Clifton, New Jersey will be reaffirmed and paid outside the Plan.

**g. Secured Claims to be Paid in Full Through the Plan**: ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| Chase Mortgage | 27 Moonachie Ave, Moonachie, NJ | $251,224.36 (current payoff amount) |

## Part 5:    Unsecured Claims ☐ NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

### Part 6:   Executory Contracts and Unexpired Leases  ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

### Part 7:   Motions  ☐ NONE

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| BMO Harris Bank N.A., P.O. Box 71951, Chicago, Illinois 60694-1951 | Real Property: 27 Moonachie Ave, Moonachie, NJ 07074 | D-2.1 | $370,000 | 100% of Debtor's net sale proceeds (approx. $10,000) | Total remaining balance to $10,000 payment (approx. $177,000) |

## Part 8:   Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Attorney's Fees

3) Secured Claims

4) General, Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:    Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: December 10, 2019                .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Plan is being modified because 27 Moonachie Avenue, Moonachie, New Jersey 07074, which is being sold as part of the Plan, has a judicial lien against it in the amount of $187,611.79, which must be addressed in the Plan because there is not enough equity in the property to pay this lien in full. | Part IV and Part VII are being added. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

### Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: January 16, 2019

/s/ Emadeddin Barakat
Debtor

Date: _____

_____
Joint Debtor

Date: January 16, 2019

/s/ Valerie Palma DeLuisi, Esq.
Attorney for Debtor(s)

```
                            United States Bankruptcy Court
                                 District of New Jersey
In re:                                                              Case No. 19-29536-JKS
Emadeddin Barakat                                                   Chapter 13
         Debtor
                                 CERTIFICATE OF NOTICE
District/off: 0312-2          User: admin             Page 1 of 2        Date Rcvd: Jan 17, 2020
                              Form ID: pdf901         Total Noticed: 28


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 19, 2020.
db             +Emadeddin Barakat,    201 W 2nd Street,    Clifton, NJ 07011-2463
r              +Andy Fernandez,    United Real Estate North Jerey,    18-19 River Road, Suite B,
                 Fair Lawn, NJ 07410-1202
sp             +Eric Hausman,    Law Office of Steven A. Verano PC,    96 Newark Pompton Turnpike,    PO Box 360,
                 Little Falls, NJ 07424-0360
r              +Samson Romano,    BHG Rand Realty, LLC,    970 Valley Road,    Wayne, NJ 07470-2900
518513936       American Express,    P.O. Box 650448,    Dallas, TX 75265-0448
518513937       Atlantic Collection Agency,    Attn: Bankruptcy,    194 Boston Rd,    East Lyme, CT 06333
518584102      +BMO Harris Bank N.A,    PO BOX 3040,    Cedar Rapids, IA 52406-3040
518513939       BMO Harris Bank, N.A.,    PO Box 71951,    Chicago, IL 60694-1951
518513938      +Bank of America, N.A.,    PO Box 982284,    El Paso, TX 79998-2284
518513940      +Chase Card Services,    Attn: Bankruptcy,    Po Box 15298,    Wilmington, DE 19850-5298
518513942      +Chase Mortgage,    Mail Code: OH4-7302,    Po Box 24696,    Columbus, OH 43224-0696
518513941       Chase for Business,    PO Box 36520,    Louisville, KY 40233-6520
518513943      +Credit Control LLC,    PO Box 546,    Hazelwood, MO 63042-0546
518618080      +JPMORGAN CHASE BANK, N.A.,    3415 VISION DRIVE,    COLUMBUS, OH 43219-6009
518563615      +JPMorgan Chase Bank, N.A.,    s/b/m/t Chase Bank USA, N.A.,
                 c/o Robertson, Anschutz & Schneid, P.L.,    6409 Congress Avenue, Suite 100,
                 Boca Raton, FL 33487-2853
518631474      +JPMorgan Chase Bank, National Association,    Chase Records Center, Att: Corresp. Mail,
                 Mail Code LA4-5555,    700 Kansas Lane,    Monroe, LA 71203-4774
518513945      +Kalied Barakat,    201 W 2nd Street,    Clifton, NJ 07011-2463
518549326      +Pinnacle Service Solutions LLC,    4408 Milestrip Rd, #247,    Blasdell NY 14219-2553
518513946     ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
                (address filed with court: Toyota Financial Services,    Attn: Bankruptcy Dept,    Po Box 8026,
                 Cedar Rapids, IA 52409)
518549761      +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
518513947       Toyota of Princeton,    2871 US-1,    Lawrence Township, NJ 08648
518513948      +Wong Fleming,    821 Alexander Road,    Suite 200,    Princeton, NJ 08540-6352

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jan 18 2020 00:24:52     U.S. Attorney,   970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 18 2020 00:24:46      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
518627529      +E-mail/Text: bankruptcysst@alorica.com Jan 18 2020 00:23:37     CIGPF I CORP,
                 c/o Systems & Services Technologies, Inc,    4315 Pickett Rd,,    St. Joseph MO 64503-1600
518567465      +E-mail/Text: B@directcapital.com Jan 18 2020 00:25:52     Direct Capital,    155 Commerce Way,
                 Portsmouth, NH 03801-3243
518513944       E-mail/Text: cio.bncmail@irs.gov Jan 18 2020 00:24:15     Internal Revenue Service,
                 Department of the Treasury,    Internal Revenue Service,    Ogden, UT 84201-0039
518550708       E-mail/PDF: resurgentbknotifications@resurgent.com Jan 18 2020 00:30:39      LVNV Funding, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
                                                                                               TOTAL: 6

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
518624495*     +Bank of America, N.A.,    P O Box 982284,    El Paso, TX 79998-2284
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 19, 2020                              Signature:  /s/Joseph Speetjens

```
District/off: 0312-2          User: admin                  Page 2 of 2            Date Rcvd: Jan 17, 2020
                              Form ID: pdf901              Total Noticed: 28
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 16, 2020 at the address(es) listed below:
```
              Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
               dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
              Jill Manzo    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               bankruptcy@feinsuch.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              Melissa N. Licker    on behalf of Creditor    JPMorgan Chase Bank, National Association
               NJ_ECF_Notices@mccalla.com
              Rebecca Ann Solarz    on behalf of Creditor    Toyota Motor Credit Corporation
               rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
              Valerie Palma DeLuisi    on behalf of Debtor Emadeddin  Barakat vpd@palmalawfirm.com,
               r51449@notify.bestcase.com
                                                                                             TOTAL: 7
```